# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WALKER,<br><br>   Petitioner,<br><br>   v.<br><br>HUNTER ANGLEA,<br><br>   Respondents. | Case No. 1:18-cv-00287-SAB-HC<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Habeas Jurisdiction**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the

shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In the instant petition, Petitioner challenges his loss of contact visitation privileges on due process grounds. Petitioner alleges that although his disciplinary violation was dismissed, he was still penalized with loss of visitation. (ECF No. 1 at 4).[1] Petitioner does not allege that he was penalized with any credit loss or a term in the Security Housing Unit. Thus, success on Petitioner's claim would not necessarily lead to immediate or earlier release from custody. Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over this matter in light of Nettles.

**B. Conversion to § 1983 Civil Rights Action**

If Petitioner is unable to show cause why the Court has habeas jurisdiction of this matter, Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to amend his pleading to name the proper defendants and to seek the appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[2] If Petitioner chooses to convert, the undersigned will recommend to the assigned United States District Court Judge that the habeas petition be converted to a civil rights action under 42 U.S.C. § 1983.

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

## II.
## ORDER

Accordingly, within THIRTY (30) days from the date of service of this order, Petitioner SHALL either:

1. Show cause why the habeas petition should not be dismissed for lack of habeas jurisdiction pursuant to Nettles;
2. Notify the Court that he chooses to convert his habeas petition into a § 1983 action; OR
3. Voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated: **March 12, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court granted Petitioner's motion to proceed in forma pauperis in the instant case. (ECF Nos. 2, 4).